**YOU ZHONG LIU, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–3463–ag.

United States Court of Appeals, Second Circuit.

April 16, 2008.

Peter D. Lobel, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; David V. Bernal, Assistant Director; Andrew C. Maclachlan, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

### SUMMARY ORDER

You Zhong Liu, a native and citizen of the People's Republic of China, seeks review of a July 16, 2007 order of the BIA affirming the November 9, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liu, You Zhong*, No. A97 957 381 (B.I.A. July 16, 2007), *aff'g* No. A97 57 381 (Immig. Ct. N.Y. City Nov. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, this Court, for the sake of completeness, may consider the IJ's decision in reviewing the BIA's if doing so does not affect its ultimate conclusion. *Jigme Wangchuck v. Dep't Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). Here, the BIA "agree[d]" with the IJ's burden of proof findings and supplemented the IJ's reasoning by briefly discussing Liu's arguments on appeal. Accordingly, we consider the IJ's decision in reviewing that of the BIA.

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. We review *de novo* questions of law and the application of law to undisputed fact. *Manzur v. Dep't Homeland Sec.*, 494 F.3d 281, 288–89 (2d Cir.2007).

As an initial matter, we decline to address the agency's denial of Liu's claims based on his illegal departure from China because he did not challenge that denial in his brief to this Court. In such circumstances, we deem the claim abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

▮ We find that the agency did not err in determining that Liu failed to establish eligibility for relief based on his alleged fear that the smugglers who financed his travel to the United States would harm him if he returned to China. The agency appropriately denied Liu's asylum and withholding of removal claims based upon this fear where he failed to establish a nexus between his fear and a protected ground. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). Likewise, the agency's dismissal of Liu's CAT claim was reasonable. The background evidence Liu submitted contained no specific information on torture inflicted by smugglers seeking repayment of debts. Moreover, the record supports the IJ's conclusion that Liu failed to demonstrate that the Chinese government was unable or unwilling to protect him from harm. Accordingly, Liu did not demonstrate his eligibility for CAT relief. *See* 8 C.F.R. § 1208.18(a)(7); *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir.2004).

As to Liu's claimed fear of persecution and torture based on enforcement of China's family planning policy, the record supports the agency's determination that he failed to establish his eligibility for relief where it establishes that Liu has only one child, his wife in China is not pregnant, and Liu does not even allege that his wife is attempting to conceive. The agency reasonably concluded in these circumstances that Liu's claimed fear—conditioned on his desire to have an additional child at some point in the indefinite future—was entirely speculative and provided no basis for relief. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (purely speculative fear

of future harm cannot support right to relief). Accordingly, the agency's denial of Liu's application for asylum, withholding of removal, and CAT relief was supported by the record.[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DENIED as moot.

2. Liu argues that we should remand this case because the BIA erroneously stated that his one child was born in the United States rather than China. We decline to do so. The BIA affirmed the IJ's reasoning, which did not turn on where Liu's child was born, but on the speculative nature of Liu's claimed fear of future persecution due to his desire to have additional children. Moreover, the BIA did not make legal findings based on its misperception of the record. Accordingly, its decision did not contain a "fundamental flaw" warranting remand. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 127 (2d Cir.2004). Even if it did, remand in this case would be futile. *See also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006).

